# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7258** |
| **LOUISIANA STATE POLICE, ET AL.** | **SECTION: "I" (5)** |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Matthew Jones filed the above-captioned matter in this Court under 42 U.S.C. § 1983 in which he sues Defendants Louisiana State Police ("LSP") and the New Orleans Police Department ("NOPD"). (Rec. doc. 1). Plaintiff claims that since the age of 14, his aunt "planned scheduled anal rapes and tortures for me from the police all along the U.S. Route 13 Highway from Delaware to Georgia, to Florida and back to Delaware." (*Id.* at 2).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
>     (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). The Court reviews Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, Plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new).

Plaintiff asserts claims under 42 U.S.C. § 1983. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

As a preliminary matter, the claims against the NOPD must be dismissed because it "is not recognized as a legal entity or person capable of being sued," and it is not a "person" for purposes of Section 1983 liability. *Lemon v. Kenner Police Dep't*, Civ. A. No. 16-6631, 2016 WL 3950771, at **4-5 (E.D. La. (June 30, 2016); *Littlejohn v. New Orleans City*, 493 F. Supp. 3d 509, 517 (E.D. La. 2020); *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 691 (E.D. La. 2012); *see, e.g., Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007) (explaining that Louisiana law governs whether the NOPD is an entity that can be sued pursuant to Fed. R. Civ. P. 17(b) and that under Louisiana law, the NOPD is not a "suable entity").

Moreover, the Eleventh Amendment bars Plaintiff's claims against the LSP. The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1, 13-16 (1890)); *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002). Congress did not abrogate the states' Eleventh Amendment immunity by enacting Section 1983. *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Moreover, Louisiana has not waived sovereign immunity. La. Rev. Stat. § 13:5106(A) (prohibiting suits against the State in any court other than a Louisiana state court); *Champagne*, 188 F.3d at 314.

State agencies that are considered arms of the State are entitled to Eleventh Amendment immunity from state law and Section 1983 lawsuits in federal court. *Richardson v. S. Univ.*, 118 F.3d 450, 452-53 (5th Cir. 1997). The LSP is considered an arm of the State entitled to Eleventh Amendment immunity. *Lavergne v. La. State Police*, No. Civ. A. 6:13-2189, 2014 WL 906285, at **3-4 (W.D. La. Mar. 7, 2014), *aff'd*, 583 F. App'x 363 (5th Cir. 2014); *Cupps v. La. State Police*, Civ. A. No. 12-0123, 2013 WL 2302688, *2 (M.D. La. May 24, 2013); *Waldrop v. Bethancourt*, Civ. A. No. 10-1962, 2010 WL 3312501, **2-3 (E.D. La. July 21, 2010); *Higginbotham v. Jones*, Civ. A. No. 09-2171, 2010 WL 1662475, *2 (W.D. La. Mar. 10, 2010); *Francis v. Terrebonne Par. Sheriff's Office*, Civ. A. No. 08-4972, 2009 WL 4730707, *3 (E.D. La. Dec. 9, 2009).

Further, state agencies such as the LSP are not "persons" subject to suit under 42 U.S.C. § 1983. *Hyatt v. Sewell*, 197 F. App'x 370 (5th Cir. 2006); *Cronen v. Tex. Dep't of Human*

3

*Servs.*, 977 F.2d 934, 936 (5th Cir. 1992), *Waldrop*, 2010 WL 3312501, at *3 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Francis*, 2009 WL 4730707, at *2; *Levy v. Office of Legislative Auditor*, 362 F. Supp. 2d 729, 735 (M.D. La. 2005); *Goins v. State of La.*, Civ. A. No. 04-1159, 2004 WL 2694899, *2 (E.D. La. Nov. 22, 2004). Accordingly, neither the NOPD nor the LSP is capable of being sued by Plaintiff under Section 1983. For these reasons,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __13th__ day of __December__, 2023.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**